IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Angela Marie Hodges | ), | Case No. 2:22-cv-4515-RMG |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| Meyer Enterprises, Inc., | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 32) recommending Defendant's motion for summary judgment (Dkt. No. 27) be granted in part and denied in part. For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants in part and denies in part Defendant's motion for summary judgment.

I.   **Background**

Plaintiff asserts claims for discrimination and failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq.*, as amended by the ADA Amendments Act of 2008, effective January 1, 2009, 42 U.S.C. §§ 12101, *et seq.* ("ADA" ); claims for race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and a claim for defamation pursuant to South Carolina state law.

On October 27, 2023, Defendant moved for summary judgment. (Dkt. No. 27). Plaintiff opposes. (Dkt. No. 31).

On December 11, 2023, the Magistrate Judge issued an R&R recommending that the Court permit Plaintiff's Title VII discrimination claims based on gender and race and Plaintiff's ADA

discrimination claim to proceed to trial. (Dkt. No. 32 at 36-37) (recommending granting Defendant summary judgment on Plaintiff's remaining claims).

Defendant filed objections to the R&R, (Dkt. No. 34), to which Plaintiff filed a reply, (Dkt. No. 35).

Defendant's motion is fully briefed and ripe for disposition.

## Legal Standards

### a. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Defendant filed objections to the R&R, the Court reviews the R&R de novo.

### b. Fed. R. Civ. P. 56

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## II. Discussion

First, Defendant argues that the Magistrate Judge, in assessing Plaintiff's Title VII claims based on race and gender, failed to consider Plaintiff's "admission" that she had no reason to believe she was fired on account of her race. (Dkt. No. 34 at 1). Defendant also argues the Magistrate Judge failed to consider that when "the hirer and firer are the same employer . . . and the alleged termination of employment occurs within a relatively short time span following the Plaintiff's hiring, a strong inference exists that discrimination was not a determining factor for the alleged adverse action taken by the employer." (*Id.* at 2) (citing *Proud v. Stone*, 945 F.2d 796 (4th Cir. 1991)).

The Court overrules these objections. Defendant rehashes arguments already put forth and rejected by the Magistrate Judge. Specifically, as to *Proud*, Defendant misrepresents the case. *Proud* held that when the same *individual* hires and then soon fires an employee, a "sufficient burden" arises regarding discriminatory discharge. 945 F.2d at 797 ("Therefore, in cases where

the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer."); (Dkt. No. 32 at 24 n. 14) (addressing this argument and reasoning that "taking the evidence in [a] light most favorable to Plaintiff, she was not hired and fired by the same individual.").  As to the contention that Plaintiff admitted she had no reason to believe she was fired on account of her race, Defendant likewise raised this point in its briefing and Plaintiff responded in opposition showing, in context, that Plaintiff had been asked if she had ever had "any other instances in her life" where she was terminated because of her race or sex, that she testified she had not been terminated before, and then clarified she only knew about the pending case and not "other times" she may have been discriminated against. (Dkt. No. 31-2 at 166-67).  Given the above, the Magistrate Judge was justified in finding Defendant's argument on this point unpersuasive.  Defendant's instant objections likewise ignore the Magistrate Judge's finding direct evidence of discrimination appears to exist in the record.

Defendant's final objection is that Plaintiff did not establish a claim of wrongful discharge under the ADA because she cannot establish she has a disability or that her employer acted against her because of her disability. (Dkt. No. 34 at 3-7).

To establish a claim for disability discrimination under the ADA, a plaintiff must prove "(1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015).

The Court overrules this final objection. Defendant rehashes nearly verbatim arguments raised in its motion for summary judgment—arguments rejected by the Magistrate Judge. Motion

for Summary Judgment, (Dkt. No. 27-1 at 14-17); Objections, (Dkt. No. 34 at 3-7); R&R, (Dkt. No. 32 at 30-32) (noting evidence exists in the record, *inter alia*, that: (1) Plaintiff had a qualifying disability—diabetes; (2) that when Plaintiff was released to work without restriction by her physician following surgery Defendant terminated her; (3) told her it was because of a customer complaint; (4) expressed doubt as to her recovery; and (5) that Defendant would not have fired her over a customer complaint); *see also Willoughby v. Connecticut Container Corp.*, No. 3:11-CV-00992 CSH, 2013 WL 6198210, at *8-10 (D. Conn. Nov. 27, 2013) ("The Court finds, given the expanded interpretation of the definitions of 'disability' and 'major life activity' directed by the ADAAA, that Plaintiff—who *suffers these symptoms due to diabetes,* which is by definition a disease which impacts the functioning of the endocrine system—could indeed easily be found by a jury to be an individual who has 'a physical impairment that substantially limits one or more major life activities of such individual' and, accordingly, has a disability under the ADA.").

For the above reasons, the Court overrules Defendant's final objection.

### III.  Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 32) as the order of the Court and **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment (Dkt. No. 27).  The Court grants Defendant summary judgment on Plaintiff's ADA Failure to Accommodate Claim and Plaintiff's Defamation claim. Plaintiff's Title VII claims based on race and gender and Plaintiff's ADA Discrimination Claim, however, shall proceed to trial.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

January 18, 2024
Charleston, South Carolina